J-S34024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTY JANICE MOXLEY | |
| Appellant | No. 1757 MDA 2015 |

Appeal from the Judgment of Sentence Entered September 24, 2014
In the Court of Common Pleas of the 39th Judicial District, Franklin County
Branch, Criminal Division at Nos: CP-28-CR-0000229-2013, CP-28-CR-
0002344-2013, CP-28-CR-0002359-2013

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 22, 2016**

Appellant, Christy Janice Moxley, appeals from the September 24, 2014 judgment of sentence.  We affirm in part, vacate in part, and remand.

This consolidated appeal arises from three DUI arrests.  Police arrested Appellant and charged her with DUI (75 Pa.C.S.A. § 3802(c) (highest rate of alcohol)) on December 20, 2012.  On June 12, 2013, the trial court granted Appellant's motion for Accelerated Rehabilitative Disposition ("ARD") on that offense.  The Commonwealth charged Appellant with two subsequent DUI offenses, on August 1 and September 13, 2013, both under § 3802(c).  On October 30, 2013, the Commonwealth moved to revoke Appellant's ARD.

On June 23, 2014, Appellant pled guilty to the aforementioned DUI offenses, as well as driving on a suspended license (75 Pa.C.S.A. § 1543)

and an accident involving damage to an attended vehicle (75 Pa.C.S.A. § 3743). On September 24, 2014, the trial court sentenced Appellant *in absentia*, imposing concurrent sentences—including a 24-month probation sentence for her conviction under § 3743—resulting in an aggregate 60 months of intermediate punishment, the first nine months and five days of which were to be served as work release from the Franklin County prison. Appellant filed a timely post-sentence motion on Monday, October 6, 2014.[1] That motion was denied by operation of law on September 10, 2015. This timely appeal followed.

Appellant first argues that her 24-month probation sentence under § 3743 is illegal. Section 3743(b) provides that an accident causing damage to an attended vehicle is a third degree misdemeanor punishable by a $2,500.00 fine, one year of incarceration, or both. 75 Pa.C.S.A. § 3743(b). Similarly, the Crimes Code provides that the maximum term for a third degree misdemeanor is one year of incarceration. 18 Pa.C.S.A. § 1104(3). The trial court and the Commonwealth concede that the trial court erred in imposing a two-year probation sentence for Appellant's § 3743 offense. We agree, inasmuch as the term of a sentence of probation "may not exceed the maximum term for which the defendant could be confined." 42 Pa.C.S.A.

---

[1] The ten-day deadline expired on Saturday, October 4, 2014. Appellant's motion was therefore timely.

§ 9754(a). We will therefore vacate the judgment of sentence and remand for resentencing on that offense.

Next, Appellant challenges the sentence imposed at docket number 222 of 2013 (relating to Appellant's December 20, 2012 arrest). She argues the trial court abused its discretion in ordering her to serve five days of work release at the beginning of the 6-month intermediate punishment sentence imposed for that conviction. Appellant asserts that the sentencing guidelines provide for three days of work release for a first offense, and the trial court failed to explain its reasons for imposing a sentence outside the guideline range.[2]

The sentencing transcript flatly contradicts Appellant's assertion:

> [T]his Court finds that [Appellant] has had a gross disregard for society. Furthermore, [Appellant] has been granted numerous opportunities by this Court to answer for her actions. The Court accepts she may have serious medical concerns, but at the same time finds [Appellant] has essentially not appeared when given the opportunity.
>
> [T]he Court finds it is necessary to protect society. So a substantial jail term will hopefully protect society from this individual who has grave and serious issues with alcohol consumption.
>
> So, to do less than that is to place society prematurely at risk. So, those are the reasons.

---

[2] To preserve a challenge to the trial court's sentencing discretion, an appellant must raise the issue in a timely post-sentence motion, file a timely notice of appeal, include a Pa.R.A.P. 2119(f) statement in the appellate brief, and raise a substantial question for review.

N.T. Sentencing, 9/24/2014, at 10. Appellant's argument lack merit.

Finally, Appellant argues the trial court erred in imposing county incarceration rather than electronic monitoring. Appellant argues the trial court failed to account for Appellant's rehabilitative needs. This issue lacks merit. As evidenced in the quote above, the trial court was aware of Appellant's rehabilitative needs—the court noted "serious medical concerns." The court nonetheless found that the need to protect the public justified a period of incarceration. Appellant fails to explain why she cannot pursue rehabilitation both during and after incarceration. We discern no abuse of discretion on the part of the sentencing court.

To summarize, we vacate the 24-month probation sentence for Appellant's conviction under 75 Pa.C.S.A. § 3743 in accord with the trial court's request. We affirm the remainder of the judgment of sentence.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2016